United States District Court
Southern District of Texas
**ENTERED**
November 21, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| DEBRA ANN MCADAMS, § § Plaintiff. § § V. § § COMMISSIONER OF SOCIAL § SECURITY, § § Defendant. § | CIVIL ACTION NO. 3:21-cv-00203 |

## **OPINION AND ORDER**

Plaintiff Debra Ann McAdams ("McAdams") seeks judicial review of an administrative decision denying her applications for disability insurance benefits, supplemental security income, and widow's insurance benefits under Titles II and Title XVI of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by McAdams and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkts. 13–14. After reviewing the briefing, the record, and the applicable law, McAdams's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**.

## **BACKGROUND**

On July 8, 2019, McAdams filed applications for Title XVI supplemental security income and Title II widow's benefits; and on July 17, 2019, she applied for Title II disability insurance benefits, alleging disability beginning on August 3, 2018. Her applications were denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that McAdams was not disabled. McAdams filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that McAdams had not engaged in substantial gainful activity since August 3, 2018. *See* Dkt. 9-3 at 19.

The ALJ found at Step 2 that McAdams suffered from "the following severe impairments: coronary artery disease with atrial fibrillation; degenerative disc disease of the lumbar and cervical spine with radiculopathy; and depression." *Id.*

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments. *See id.* at 20.

Prior to consideration of Step 4, the ALJ determined McAdams's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can never climb ropes, ladders, or scaffolds; she can frequently but not constantly climb ramps or stairs; she requires the ability to take pain, anti-inflammatory, and psychiatric medications while at work; she must avoid concentrated exposure to industrial dusts, gases, fumes, and inhalant irritants of the type typically found in plants, warehouses, garages, and machine shops; she can never engage in cardiopulmonary-stress-inducing job tasks requiring activities such as running or jumping; and she can remain on-task at a sustained rate of concentration, persistence, and pace for at least 90% of the work day, i.e. she will be off task for up to 10% of the work day.

*Id.* at 21.

At Step 4, the ALJ found that McAdams is "capable of performing past relevant work as a bartender/server." *Id.* at 31. Because the ALJ found McAdams

capable of performing past relevant work, the ALJ found that McAdams is not disabled. *See id.*

## DISCUSSION

This social security appeal raises two issues: (1) whether the ALJ properly evaluated the opinions of McAdams's treating physician, Dane Simons, M.D. ("Dr. Simons"), and treating pain management specialist, Adult Nurse Practitioner Sandra Henke ("ANP Henke"); and (2) whether the ALJ's RFC is supported by substantial evidence. I need only reach the first issue.

McAdams argues that the ALJ improperly discounted the opinions of Dr. Simons and ANP Henke. Of particular importance to this argument is a July 20, 2020 MRI that McAdams had during the disability appeals process, the results of which "showed objective evidence supporting the cause of [McAdams's] complaints of pain and radiculopathy symptoms in her low back, legs, neck, shoulders, and arms." Dkt. 9-3 at 24. Although McAdams had met with multiple non-examining agency consultants prior to the July 2020 MRI, Dr. Simons and ANP Henke's opinions were the only two medical opinions available to the ALJ that were rendered *after* the July 2020 MRI. McAdams contends that "[t]he ALJ's reliance on the stale opinions of the agency consultants and his failure to properly evaluate the opinions of two treating sources who had the benefit of reviewing relevant and material diagnostic evidence while simultaneously providing treatment for Plaintiff's back impairments is harmful error." Dkt. 13 at 15.

Because McAdams filed for benefits "on or after March 27, 2017," the ALJ was required to apply the new regulations. 20 C.F.R. §§ 404.1520c, 416.920c. Through the new regulations, the Commissioner revised the standards and procedures for evaluating medical opinions and prior administrative medical findings, abrogating the treating physician rule. As such, "ALJs are no longer required to give controlling weight to the opinions of treating physicians." *Pearson v. Comm'r of Soc. Sec.*, No. 1:20-CV-166, 2021 WL 3708047, at *4 (S.D. Miss. Aug. 11, 2021) (quotation omitted). Instead, the ALJ considers the persuasiveness of

medical opinions from different medical sources. *See* 20 C.F.R. § 404.1520c(b)(2). In evaluating persuasiveness, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) the source's relationship with the patient; (iv) the source's specialty; and (v) "other factors that tend to support or contradict" the opinion. *Id.* § 404.1520c(c). The most important factors in evaluating persuasiveness are supportability and consistency. *See id.* § 404.1520c(b)(2).

With respect to "supportability," "the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increase." *Vellone v. Saul*, No. 1:20-CV-261, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) (citing 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). "As for consistency, the new rules provide that the greater the consistency between a particular medical source/opinion and the other evidence in the medical record, the stronger that medical opinion becomes." *Id.* (citing 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)). "Simply put, 'consistency' is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Id.*

At a minimum, an ALJ's persuasiveness explanation should "enable[] the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence, and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof." *Cooley v. Comm'r of Soc. Sec.*, 587 F. Supp. 3d 489, 499 (S.D. Miss. 2021) (cleaned up). "Stated differently, there must be a discernible logic bridge between the evidence and the ALJ's persuasiveness finding." *Pearson*, 2021 WL 3708047, at *5 (quotation omitted). With this principle in mind, I turn my attention to the ALJ's assessment of Dr. Simons's August 12, 2020 medical opinion, which postdates McAdams's July 12, 2020 MRI.

The ALJ concluded that Dr. Simons's post-MRI opinion "is unpersuasive." Dkt. 9-3 at 28. Because the ALJ's reasoning rests entirely on false or outdated information, I hold that the ALJ has failed to provide a logical basis for this

conclusion. One of the reasons the ALJ gives for finding Dr. Simons's August 12, 2020 opinion unpersuasive is its inconsistency with the consultative examiner's findings. The consultative physical examiner "found [McAdams] had no limitation with her grip or with her manipulative abilities, and he found only very mild limitations in [McAdams's] range of motion in her spine or any of her joints." Dkt. 9-3 at 28. But that consultative physical examination was on October 12, 2019, which is nine months *before* the July 20, 2020 MRI. I am compelled to state the obvious here: a lot can happen in eight or nine months. I am not prepared to say that McAdams is correct in her assertion that "an ALJ is obliged to obtain an updated medical opinion regarding a claimant's disability." Dkt. 13 at 12. But I am also not prepared to say that the ALJ's reasoning for rejecting Dr. Simons's opinion was logical. I fail to see the logic is discounting a more recent medical opinion simply because it conflicts with *old* information. Another reason the ALJ gives for finding Dr. Simons's opinion unpersuasive is because McAdams "is prescribed only fairly conservative pain medication." Dkt. 9-3 at 28. But the document the ALJ cites in support of this proposition is a prescription list from November 2019. The prescription list predates the MRI by eight months. It cannot be a logical basis for discounting Dr. Simons's opinion.

The ALJ's persuasiveness finding is likewise illogical for ignoring facts in the record. In finding Dr. Simons's opinion unpersuasive, the ALJ noted that McAdams "has rarely been treated for back or neck pain, suggesting her pain is not as limiting as this assessment indicates." *Id.* at 28. In making this statement, the ALJ appears to have ignored the fact that McAdams had been treating with ANP Henke "once per month, every month for over 3 years." Dkt. 9-16 at 24. It is one thing to find ANP Henke's medical *opinion* unpersuasive.[1] It is another thing

---

[1] The ALJ found ANP Henke's opinion unsupported because McAdams did not provide records of her treatment with ANP Henke. McAdams argues that "to the extent that the ALJ rejected this opinion because NP Henke's notes were not contained in the file," the ALJ failed in his duty "to properly develop the record such that he could offer a more informed evaluation of the supportability factor and whether this evidence was

entirely to find Dr. Simons's opinion unpersuasive based on a false statement of *fact*—here, that McAdams had not sought treatment for her pain. I cannot discern a logic bridge where the ALJ's assessment relies on a falsehood.

Finally, the ALJ found Dr. Simons's medical source statement "internally inconsistent, in that Dr. Simons found [McAdams] was able to frequently lift 20 pounds and constantly lift 10 pounds, while simultaneously limiting [her] postural and manipulative movements quite severely." Dkt. 9-3 at 28. This statement is all that the ALJ offers regarding the internal inconsistency that he perceives in Dr. Simons's opinion. He leaves it to the reader to infer *why* Dr. Simons's assessment of McAdams's ability to lift weight and the postural and manipulative limitations he suggests are internally inconsistent. As a practical matter, I note that a person's ability to lift a particular weight depends on a great many factors: the weight itself, the form of the thing being lifted, the height at which the weight is being lifted, etc. Just because McAdams "require[s] the option to alternate positions between sitting and standing at will," and "could occasionally push, pull, or reach in all directions, bilaterally," *id.*, does not mean that she is unable to lift 20 pounds frequently or 10 pounds constantly. The ALJ has to write enough for me to undertake a meaningful review and avoid speculating about the reasons for his

---

consistent." Dkt. 13 at 14. But the onus is on *the claimant* to supply medical record evidence. *See* 20 C.F.R. § 404.704 ("When evidence is needed to prove your eligibility or your right to continue to receive benefit payments, you will be responsible for obtaining and giving the evidence to us."); *see also* Dkt. 9-6 at 6 ("You must inform us about or give us evidence no later than five business days before the date of your hearing."). I will not fault an ALJ for discounting a medical opinion unsupported by medical records that the claimant was obliged to provide. If these records, which were not made available to the ALJ, would have made a difference, McAdams could have made a showing of good cause and materiality and asked me to remand for the consideration of new evidence. *See* 42 U.S.C. § 405(g); *see also Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989) ("Under 42 U.S.C. § 405(g), which controls the scope of our review, we may remand to the Secretary upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." (quotation omitted)). She has made no such request. Accordingly, it was not error for the ALJ to find ANP Henke's opinion unsupported.

decision. Here, absent further explanation by the ALJ, I can only guess as to why he considered Dr. Simons's opinion internally inconsistent.

For all these reasons, I am unable to discern the logic in why the ALJ rejected Dr. Simons's August 12, 2020 opinion. The ALJ denied McAdams benefits at Step Four based, in part, on consideration of McAdams's RFC. A proper evaluation of Dr. Simons's medical opinion might lead to a more limited RFC and therefore the conclusion that McAdams is incapable of performing past relevant work as a bartender. Accordingly, the case must be remanded for a proper evaluation of Dr. Simons's medical opinion and, possibly, a reevaluation of McAdams's RFC and the Step Four and Five determinations.

## CONCLUSION

For the reasons provided above, McAdams's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**.

SIGNED this 21st day of November 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE